**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALAN H. WILLIAMS,
Plaintiff-Appellant,

v.

AIR WISCONSIN, INCORPORATED;

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS; IAMAW AIR TRANSPORT,
DISTRICT 143,
Defendants-Appellees.

No. 95-1285

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-94-212)

Argued: December 4, 1995

Decided: January 16, 1996

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Gary Raymond Hershner, MORRISSEY, HERSHNER &
JACOBS, Richmond, Virginia, for Appellant. Debra Lynn Willen,
GUERRIERI, EDMOND & CLAYMAN, Washington, D.C. for
Appellees IAMAW and IAMAW Air Transport; Patricia H. Kim,

O'MELVENY & MYERS, New York, New York, for Appellee Air Wisconsin. **ON BRIEF:** John A. Edmond, GUERRIERI, EDMOND & CLAYMAN, Washington, D.C., for Appellees IAMAW and IAMAW Air Transport; Michael A. Curley, O'MELVENY & MYERS, New York, New York, for Appellee Air Wisconsin.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant, Alan H. Williams (Williams), appeals the district court's entry of summary judgment in favor of the appellees, Air Wisconsin, Inc. (Air Wisconsin), International Association of Machinists and Aerospace Workers (IAM), and IAM Air Transport District 143 (District 143),* in an action alleging a breach of the collective bargaining agreement by Air Wisconsin and a breach of the duty of fair representation by the Union. Finding no error, we affirm.

I

On July 5, 1992, Williams, who was employed by Air Wisconsin as a mechanic, claimed twelve hours of premium pay on his time card. Air Wisconsin later investigated Williams' claim for twelve hours of premium pay because it suspected him of time card fraud. On August 6, 1992, after an initial charge hearing, Air Wisconsin terminated Williams.

After being discharged, Williams turned to the Union for help in regaining his job. The Union then filed a grievance on behalf of Williams. After Air Wisconsin denied the grievance, the Union appealed the denial of Williams' grievance through the steps provided in the

_____

*We will refer to IAM and District 143 collectively as the Union.

2

collective bargaining agreement, and, while not required to do so, the Union ultimately took Williams' claim to arbitration.

While the Union was appealing Williams' grievance but before the arbitration hearing, the Union and Air Wisconsin were in the process of renegotiating the collective bargaining agreement. During these negotiations, the Union repeatedly requested Air Wisconsin to reinstate Williams, and Air Wisconsin agreed to conduct an independent investigation into Williams' firing. This investigation showed that in a forty-five day period Williams had claimed 167.5 hours of unauthorized premium pay. Consequently, Air Wisconsin refused to reinstate Williams.

On April 28, 1993, Williams' grievance went to arbitration before a three-member panel. On October 4, 1993, Williams' grievance was denied. The panel found that Williams had abused the premium pay policy of Air Wisconsin from July 4 through July 8, and it reasoned that discharge was an appropriate sanction.

Williams then brought this action in the United States District Court for the Eastern District of Virginia. In the district court, Williams claimed that Air Wisconsin breached the collective bargaining agreement because it terminated him for reporting safety problems with Air Wisconsin's planes to the Federal Aviation Administration rather than for time card fraud. Williams also claimed that the Union breached its duty of fair representation by failing to call certain witnesses at the arbitration hearing who allegedly could have corroborated his claim that Air Wisconsin fired him because he was a whistle-blower.

After holding a hearing on Williams' claims, the district court granted summary judgment in favor of the Union, holding that the Union did not breach its duty of fair representation to Williams. Because the Union did not breach its duty of fair representation to Williams, the district court granted Air Wisconsin's motion for summary judgment, holding that it lacked the authority to reconsider the decision of the arbitration panel. Williams appeals.

II

Our review of the briefs and consideration of the arguments of the parties has revealed that this appeal is without merit, especially since

3

the Union took Williams' grievance to arbitration even though it had no duty to do so. See Vaca v. Sipes, 386 U.S. 171, 191 (1967). Accordingly, we affirm the judgment of the district court for the reasons stated in that court's persuasive opinion. Williams v. Air Wisconsin, Inc., 874 F. Supp. 710 (E.D. Va. 1995).

AFFIRMED

4